959 F.2d 241
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lawrence Joseph MAYER, Plaintiff-Appellant,
v.
Darrell TAYLOR, et al., Defendants-Appellees.
 No. 91-16192.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 8, 1992.*
Decided April 13, 1992.
 
 Before HUG, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lawrence J. Mayer, an Arizona state prisoner, appeals pro se the district court's summary judgment in favor of the defendants in this 42 U.S.C. § 1983 civil rights action. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review de novo the district court's grant of summary judgment. Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). "The party opposing summary judgment may not rest on conclusory allegations, but must set forth specific facts showing that there is a genuine issue for trial." Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir.1986). Prison personnel violate an inmate's eighth amendment rights if they are deliberately indifferent to the inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). There is no respondeat superior liability under section 1983; a supervisor is liable only if he personally participated in or directed the constitutional violations, Taylor, 880 F.2d at 1045, or was deliberately indifferent to the plaintiff's constitutional rights by failing to train or supervise those who did participate, Reed v. Hoy, 909 F.2d 324, 331 (9th Cir.1989), cert. denied, 111 S.Ct. 2887 (1991).
 
 
 4
 Mayer's complaint named as defendants several employees of the Canteen Corporation, the company that contracts with the prison to provide meals to the inmates. Mayer alleged that these employees had violated his constitutional rights by confiscating a medical diet card that allowed him to get special meals which were required because he has gout. In support of their motion for summary judgment, the defendants provided an affidavit from the food service director for Canteen. This affidavit stated:
 
 
 5
 Pursuant to the Arizona Department of Corrections policies, inmates receiving restrictive diets are issued diet cards by authorization of either the medical providers or the chaplins. When an inmate is considered in noncompliance regarding his diet order, the prison kitchen security staff (Department of Corrections employees, not Canteen employees) are instructed to collect the diet card from the inmate, and the inmate's rights to a special diet terminate. Canteen does not keep track of inmate compliance and is not involved in collection of diet cards for noncompliance.
 
 
 6
 Mayer's response to the motion for summary judgment did not provide any specific facts to rebut the statement that Canteen employees are not involved in the collection of diet cards, and failed to set forth any specific facts to show that the defendants had personally participated in the collection of his diet card or were deliberately indifferent to his serious medical needs. Accordingly, the district court properly granted summary judgment because Mayer failed to raise a genuine issue of material fact and the defendants were entitled to judgment as a matter of law. See Estelle, 429 U.S. at 104-05; Reed, 909 F.2d at 331; Taylor, 880 F.2d at 1045. Moreover, the district court did not err by denying Mayer's motion to file an amended complaint or by failing to allow additional time for discovery.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Mayer's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3